IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MR. EVERYTHING SUPER DELI, LLC, a Georgia corporation, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO.: |
| v. | ) ) | _____ |
| BASHIR MUHAMMAD, | ) ) | |
| Defendant. | ) ) ) | |

## **COMPLAINT**

Mr. Everything Super Deli LLC (referred to herein as "Plaintiff" or "Mr. Everything") brings this Complaint for monetary damages and injunctive and other relief against Defendant Bashir Muhammad ("Defendant") for his infringement and unauthorized use of Plaintiff's famous trademarks. Plaintiff alleges as follows:

### **Nature of Action**

1.   This is an action for trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1051-1127; for violation of Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq*.; for violation of Georgia's unfair competition law, O.C.G.A. § 23-2-455; and for violations of the common law of Georgia.

1

Plaintiff seeks an injunction prohibiting Defendant from using the "Mr. Everything" trademarks. In addition, and pursuant to section 35 of the Lanham Act, 15 U.S.C. § 1117, and Georgia law, Plaintiff seeks compensatory damages, treble damages, Defendant's profits from the violations alleged, and the costs and attorney's fees incurred in bringing this action.

## Parties

2.  Plaintiff Mr. Everything Super Deli LLC ("Mr. Everything") is a Georgia corporation with its principal place of business at 870 Martin Luther King Jr. Drive, Atlanta, Georgia 30314. Plaintiff, located steps away from Clark Atlanta University, is an Atlanta institution having served grilled food in its bold-hued storefront for over 20 years.12

3.  Defendant Bashir Muhammad is a natural person who, upon information and belief, resides at 565 Greensferry Avenue, No. 1502, Atlanta, Georgia 30314.

4.  Defendant may be served at his residence or at his place of business, 2997 Campbellton Road SW, Atlanta, Georgia 30311.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over Counts 1 and 2 of Plaintiff's Complaint because they arise under the Lanham Act. This Court has subject matter jurisdiction over Counts 3 through 5 of Plaintiff's Complaint because they are sufficiently related to Counts 1 through 3 that they form part of the same case or controversy under Article III of the U.S. Constitution. *See* 28 U.S.C. § 1367(a).

6. Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b)(1) because the Defendant resides in the Northern District of Georgia and § 1391(b)(2) because all or a substantial part of the events giving rise to the claim occurred in the Northern District of Georgia. Venue is proper in this division of this judicial district because Defendant resides in this district and all or a substantial part of the events giving rise to the claims occurred here. *See* LR 3.1(B).

**A.** **Mr. Everything's Substantial Use of Its Registered Marks**

7. Plaintiff Mr. Everything Super Deli LLC is a family-owned and -run restaurant offering fresh-made grilled dishes to its customers. Mr. Everything has been operating continuously since 1993. Plaintiff opened its first location on Martin Luther King Jr. Drive in January 1993. Plaintiff

opened a second location in Atlanta in September 2011, and then opened a franchise location in New Orleans in November 2011.

8.   Plaintiff incorporated as a limited liability company in Georgia on October 17, 2006.

9.   Plaintiff has been using the mark MR. EVERYTHING CAFÉ and its distinctive logo since 1993.

10.   Plaintiff registered its Mr. Everything logo with the United States Patent and Trademark Office, U.S. Service Mark Registration No. 4,694,822, issued by the United States Patent and Trademark Office. *See* Exhibit A.

11.   Plaintiff is also the exclusive owner, under common law, of the MR. EVERYTHING CAFÉ mark.  (collectively, the "Marks").

12.   For over twenty years, Plaintiff has been promoting its services under its Marks. Plaintiff has built a substantial amount of goodwill in the Marks in connection with Plaintiff's business.

13.   As a result of its use and recognition, the Marks has become an asset of substantial value and goodwill as a distinguishing symbol of Plaintiff and the service it offers.

14.   Plaintiff's Marks are recognized by consumers as the trademark of Plaintiff.

15.   Plaintiff has developed substantial goodwill in the Marks in connection with

Plaintiff's business and services.

16.   By virtue of Plaintiff's use of its Marks and customers' recognition that the

Marks are Plaintiff's trademark, Plaintiff is the exclusive owner of the

Marks in connection with its business and services.

**B.**   **Defendant's Unlawful Use of Mr. Everything's Marks**

17.   Defendant operates a restaurant at 2997 Campbellton Road SW in Atlanta,

Georgia.

18.   Defendant's restaurant is named "Mr. Everything Exclusive" and uses a

nearly identical logo (the "infringing marks") on its signage and menus that

is confusingly similar to Plaintiff's Marks. *See* Exhibits B, C, D, and E.

19.   Defendant uses the Marks without authorization from Plaintiff to do so.

20.   In addition to the Defendant's infringing marks being confusingly similar to

Plaintiff's Marks, Defendant uses the infringing marks on services that are

closely similar, if not identical, to Plaintiff's services.

21.   A likelihood of confusion exists as long as Defendant continues to use the

infringing marks.

5

22.    Actual confusion has already occurred with customers wrongly believing that Defendant's restaurant is associated or connected with Plaintiff or having the sponsorship, endorsement, or approval of Plaintiff.

23.    Such actual confusion is detrimental to the substantial goodwill that Plaintiff has developed in connection with its Marks.

24.    On information and belief, Defendant registered and operates "Mr. Everything" and "Mr. Everything Exclusive" on social media and local search and discovery listings.

25.    On information and belief, Defendant's advertising, signage, and premises bear the infringing marks.

26.    On information and belief, Defendant has acted and used his infringing marks with actual knowledge of Plaintiff's long-standing use of their Mr. Everything Marks, as well as with actual knowledge that Defendant is not authorized to use the Mr. Everything Marks.

**C.    Defendant's Failure to Comply with Mr. Everything's Demands**

27.    Plaintiff notified Defendant in writing on May 9, 2014, and continuously thereafter, that Defendant was required immediately and permanently to cease and desist in all use of the Mr. Everything Marks and that his use of the Mr. Everything Marks in connection with his business was unauthorized

6

and violated federal and state trademark infringement and unfair competition laws.

28.     Although notified repeatedly that his continued unauthorized use of the Mr. Everything Marks constitutes actionable trademark infringement, false designation of origin, and unfair competition, Defendant continues to use the Mr. Everything Marks in his commercial activities.

29.     Defendant's use of the Mr. Everything Marks has caused, and causes, confusion among members of the public as to whether Defendant is authorized, sponsored, provided, or endorsed by, or affiliated with, Plaintiff.

30.     Defendant's conduct is irreparably injuring Plaintiff because Plaintiff has lost control over the nature and quality of goods and services that are being sold and advertised under its Mr. Everything Marks.

**Count 1**
**Trademark Counterfeiting and Infringement of**
**Mr. Everything's Federally Registered Marks**
**(15 U.S.C. § 1114(1)-(2))**

31.     Plaintiff repeats and incorporates by reference the foregoing and hereafter allegations as if fully set forth herein.

32.     Defendant's use of the infringing marks violates section 32(1) and (2) of the Lanham Act, 15 U.S.C. § 1114(1)-(2), because it constitutes willful and

deliberate use in commerce of reproductions, counterfeits, copies, or colorable imitations of Plaintiff's federally registered Mr. Everything Marks in connection with the sale, offering for sale, distribution, and advertising of products and services identical or similar to Plaintiff's products and services in a matter likely to cause confusion, mistake, or deception.

33.     On information and belief, Defendant's acts have been willful and deliberate.

34.     Plaintiff has been, and continues to be, irreparably damaged by Defendant's violation of this statute, and Plaintiff has no adequate remedy at law. Unless this Court enters an order requiring Defendants immediately and permanently to cease and desist from their unlawful use of the infringing marks, Defendant's unlawful conduct will continue to cause injury to Plaintiff and the public.

**Count 2**
**Trademark Infringement, Unfair Competition, and**
**False Designation of Origin**
**(15 U.S.C. § 1125(a))**

35.     Plaintiff repeats and incorporates by reference the foregoing and hereafter allegations as if fully set forth herein.

36.   Defendant's use of the infringing marks described above violates section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because it constitutes willful

and deliberate use in commerce of Plaintiff's Mr. Everything Marks, which

is likely to cause confusion, mistake, or deception as to the approval, origin,

or sponsorship by Plaintiff of products and services provided by Defendant,

and which accordingly constitutes unfair competition and infringement of

the Mr. Everything Marks.

37.   On information and belief, Defendant's acts have been willful and

deliberate.

38.   Plaintiff has been, and continues to be, irreparably damaged by Defendant's

violation of this statute, and Plaintiff has no adequate remedy at law. Unless

the Court enters an order requiring Defendant immediately and permanently

to cease and desist their unlawful use of the infringing marks, the violation

will continue to cause injury to Plaintiff and the public.

**Count 3**
**Violation of the Georgia Uniform Deceptive Trade Practice Act**
**(O.C.G.A. § 10-1-370 *et seq*.)**

39.   Plaintiff repeats and incorporates by reference the foregoing and hereafter

allegations as if fully set forth herein.

9

40.     On information and belief, Defendant engaged in unfair or deceptive trade

practices in violation of the Georgia Uniform Deceptive Trade Practices Act,

O.C.G.A. § 10-1-372. By making unauthorized use in commerce of the

infringing marks, Defendant has engaged, and engage, in deceptive trade

practices in the course of their business by using the infringing marks in a

matter that:

     (a)    Passes off Defendant's goods or services as those of another;

     (b)    Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods or services;

     (c)    Causes likelihood of confusion or of misunderstanding as to Defendant's affiliation, connection or association with or certification by Plaintiff;

     (d)    Represents that Defendatn's goods or services have sponsorship, approval, characteristics, or benefits that Defnedant does not have;

     (e)    Represents that Defendant's goods or services are of a particular standard, quality, or grade; and

     (f)    Causes likelihood of confusion or of misunderstanding

41.     Defendant's unfair or deceptive trade practices occurred in the course of

Defendant's operation of a restaurant.

10

42.   On information and belief, Defendant's acts have been willful and
      deliberate.

43.   Plaintiff has been, and continues to be, irreparably damaged by Defendant's
      violation of this statute, and Plaintiff has no adequate remedy at law. Unless
      the Court enters an order requiring Defendant immediately and permanently
      to cease and desist their unlawful use of the infringing marks, the violation
      will continue to cause injury to Plaintiff and the public.

**Count 4**
**Violation of Georgia's Unfair Competition Statute**
**(O.C.G.A. § 23-2-455)**

44.   Plaintiff repeats and incorporates by reference the foregoing and hereafter
      allegations as if fully set forth herein.

45.   On information and belief, by using the infringing marks, similar to the Mr.
      Everything Marks, Defendant attempted to encroach upon Plaintiff's
      business with the intent to deceive and mislead the public.

46.   Defendant's use of name similar to the Mr. Everything Marks occurred in
      the course of Defendant's operation of a restaurant.

47.   On information and belief, Defendant's acts have been willful and
      deliberate.

48.    Plaintiff has been, and continues to be, irreparably damaged by Defendant's violation of this statute, and Plaintiff has no adequate remedy at law. Unless the Court enters an order requiring Defendant immediately and permanently to cease and desist their unlawful use of the infringing marks, the violation will continue to cause injury to Plaintiff and the public.

## Count 5
## Common Law Trademark Infringement and Unfair Competition

49.    Plaintiff repeats and incorporates by reference the foregoing and hereafter allegations as if fully set forth herein.

50.    Defendant's unauthorized use of the infringing marks in connection with the advertising and sale of his goods and services constitutes common law trademark infringement and unfair competition because it constitutes willful and deliberate use in commerce of Plaintiff's Mr. Everything Marks, which is likely to cause confusion, mistake, or deception as to the approval, origin, or sponsorship by Plaintiff of products and services provided by Defendant, and which accordingly constitutes unfair competition and infringement of the Mr. Everything Marks.

51.    On information and belief, Defendant's acts have been willful and deliberate.

52.     Plaintiff has been, and continues to be, irreparably damaged by Defendant's violation of this statute, and Plaintiff has no adequate remedy at law. Unless the Court enters an order requiring Defendant immediately and permanently to cease and desist their unlawful use of the infringing marks, the violation will continue to cause injury to Plaintiff and the public.

## PRAYER FOR RELIEF

In view of the foregoing, Plaintiff requests the following relief:

A.      An injunction requiring Defendant (and his agents, servants, employees, attorneys, and any and all persons who are in active concert or participation with him):

      1.      immediately and permanently to cease and desist from all use of the marks that infringe upon Mr. Everything Marks, in any form or manner that resembles, suggests, or imitates that Defendant is approved or endorsed by, or otherwise affiliated with, Plaintiff;

      2.      pursuant to section 36 of the Lanham Act, 15 U.S.C. § 1118, to destroy all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in his possession or control that contain the

13

infringing marks or any term, symbol, or logo confusingly

similar to the Mr. Everything Marks; and to destroy any and all

means in their possession or control of making any of those

infringing items;

3.      to have deleted or removed from publication any

advertisements paid for or used by them containing any of the

Mr. Everything Marks and any other name, mark, or logo

confusingly similar to them;

4.      permanently to delete, destroy, and remove all electronic

content displaying the Mr. Everything Marks and any other

name, mark, or logo confusingly similar to the Marks;

5.      to instruct third parties to remove any reference to the

infringing "Mr. Everything" restaurant located on Cambellton

Road in Atlanta, Georgia on websites, publications, or other

electronic materials;

6.      permanently to cease use of any search engine optimization

techniques, including ad words or keywords, that use the Mr.

Everything Marks;

14

7.    to file with this Court and serve on Plaintiff, within thirty days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which Defendants have complied with the Court's injunction and orders; and

B.    Monetary damages equivalent to:

1.    Statutory damages pursuant to 15 U.S.C. § 1125(c) in the amount of $2,000,000 per counterfeit mark, per good or service used by Defendant;

2.    Plaintiff's damages caused by Defendant's unlawful conduct as described above;

3.    The profits earned by Defendant as a result of his sale of products and services using the Mr. Everything Marks or as a result of his display or advertisement of the Mr. Everything Marks;

4.    All state and federal statutory and common law relief available, including but not limited to the damages provided for by Georgia law and treble damages provided for by section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b);

5.      All costs and reasonable attorney's fees incurred in connection

with this action, plus appropriate interest thereon;

6.      Any punitive or enhanced damages available due to

Defendant's willful and deliberate conduct; and

C.      Such other and further relief as the Court may deem just and proper.


Dated: May 9, 2015

                                        Respectfully submitted,


                                        /s/ Ryan C. Locke
101 Marietta Street, NW                 Georgia Bar No. 658340
Suite 3325                              **LOCKE LAW FIRM LLC**
Atlanta, Georgia 30303                  Attorney for the Plaintiff

Telephone 404-909-7795
Fax 1-404-591-8919
Ryan@LockeDefense.com


## **Local Rule 5.1 Certification**

Pursuant to Local Rule 5.1(C), I hereby certify that the foregoing has been

prepared with Times New Roman font in 14 point size.